1

2

3

4

5

6                    UNITED STATES DISTRICT COURT FOR THE

7                       EASTERN DISTRICT OF CALIFORNIA

8
TAMAR PIZARRO,                          )   Case No. 08-cv-0035 OWW TAG
9                                       )
                      Plaintiff,        )   ORDER DISMISSING COMPLAINT WITH
10                                      )   LEAVE TO AMEND
         v.                             )   (Doc. 1)
11                                      )
SOCIAL SECURITY                         )
12  ADMINISTRATION,                     )
                                        )
13                    Defendant.        )
   _____)

14

15          Plaintiff Tamar Pizarro ("Plaintiff"), proceeding pro se, filed a complaint against the

16  "Social Security Administration, 5060 E. Clinton Way, Fresno, CA 93737, (559) 487-5548."

17  (Doc. 1).  Plaintiff requested, and was granted, leave to proceed in forma pauperis.  (Docs. 2, 3).

18  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local

19  Rule 72-302(c)(15).  Pending before the Court is the complaint filed by Plaintiff on January 7,

20  2008.

21          I.  Screening

22          Because Plaintiff is proceeding in forma pauperis, the Court is required to screen her

23  complaint and dismiss it at any time if the Court determines that the allegation of poverty is

24  untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may

25  be granted, or seeks monetary relief against a defendant who is immune from such relief.

26   28 U.S.C. 1915(e)(2).

27  ///

28  ///

                                                   1

1    Fed. R. Civ. P. 8(a) provides:

2    A pleading which sets forth a claim for relief, whether an original claim,
     counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain
3    statement of the grounds upon which the court's jurisdiction depends, unless the
     court already has jurisdiction and the claim needs no new grounds of jurisdiction
4    to support it, (2) a short and plain statement of the claim showing that the pleader
     is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
5    Relief in the alternative or of several different types may be demanded.

6    A complaint must contain a short and plain statement as required by Fed. R. Civ. P.

7    8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

8    notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

9    Agency, 733 F.2d 646, 649 (9th Cir. 1984).

10   The gist of Plaintiff's complaint is that she suffers from mental and physical ailments for

11   which she has been treated and takes prescription medication despite the fact that she not had a

12   medical card since April 2004.  (Doc. 1).  Plaintiff's complaint discusses life events that

13   contributed to her emotional problems, her physical ailments, and treatment she receives for

14   both.  (See generally id.).  Other than her describing her history, Plaintiff does not set forth

15   claims or allegations against any individual or entity, or indicate that she applied for Social

16   Security disability and/or supplemental security income benefits, which were denied in a final

17   administrative decision.  Plaintiff, therefore, fails to state a claim upon which relief could be

18   granted and her complaint does not meet the criteria of Fed.R.Civ.P. 8(a)(2).

19   II. Jurisdictional Allegations

20   Rule 8(a)(1) requires a short and plain statement of the grounds upon which the Court's

21   jurisdiction depends. Similarly, this Court's Local Rule Local Rule 8-204 provides:

22   When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ.
     P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition,
23   counterclaim, cross-claim or third party claim, (ii) shall be styled "Jurisdiction,"
     (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv)
24   shall state the facts supporting such jurisdictional claim.

25   If Plaintiff is seeking review of a decision by the Commissioner of Social Security in

26   which benefits relating to disability were denied, the Court would have jurisdiction pursuant to

27   42 U.S.C. § 405(g), which provides in pertinent part:

28   ///

1
2
3
4
5

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

6      Plaintiff has failed to state any facts upon which jurisdiction depends. The Court will

7  infer that by indicating her Fresno address on the complaint, Plaintiff is alleging that she resides

8  within the Eastern District of California.  However, as noted above, Plaintiff has not alleged that

9  she applied for disability benefits or that a final administrative decision was made in her case;

10  she has not identified the name of the administrative proceeding, the date of the decision or of the

11  date upon which notice of the decision was mailed, or the precise type of benefits being claimed.

12  Further, other than stating that she "still needs help," Plaintiff has not identified the relief that she

13  seeks in this action.  (Doc. 1).  Accordingly, her complaint has not satisfied the requirements of

14  Fed.R.Civ.P. 8(a)(1) or Local Rule 8-204.

15      III. Social Security Number

16      Under this Court's Local Rules, complaints filed under Titles II or XVI of the Social

17  Security Act, involving claims for disability benefits or supplemental security income,

18  respectively, must include the last four digits of the claimant's Social Security number.  Local

19  Rule 8-206.  It is possible that Plaintiff is seeking benefits that come within this rule, in which

20  case her complaint should contain the last four digits of her Social Security number.

21      IV. Proper Defendant

22      The proper defendant in an action pursuant to 42 U.S.C. § 405(g) is the Commissioner of

23  Social Security, who is presently Michael J. Astrue.  42 U.S.C. § 405(g) (referring to the

24  "Commissioner's answer"); Butler v. Apfel, 144 F.3d 622, 624 (9th Cir. 1998).  Plaintiff has

25  named "Social Security Administration, 5060 E. Clinton Way, Fresno, CA 93737, (559) 487-

26  5548."

27  ///

28  ///

3

V. <u>Leave to Amend the Complaint</u>

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez</u>, 203 F.3d at 1128.

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against a proper defendant and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle Plaintiff to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint (Doc. 1) IS DISMISSED, without prejudice; and

2.  Plaintiff IS GRANTED thirty (30) days from the date of service of this order to file an amended complaint that cures the deficiencies noted in this Order and otherwise complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and this Court's Local Rules; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; and Plaintiff must file an original and two copies of the amended complaint.

**FAILURE TO TIMELY FILE AN AMENDED COMPLAINT WILL BE CONSIDERED A FAILURE TO COMPLY WITH A COURT ORDER, WHICH WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED.**

IT IS SO ORDERED.

Dated:   **January 25, 2008**                    **/s/ Theresa A. Goldner**
                                            UNITED STATES MAGISTRATE JUDGE