# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMAR PIZARRO, | Case No. 1:08-cv-00035-BAK (DLB) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | ORDER DIRECTING CLERK TO CLOSE ACTION |

Plaintiff, Tamar Pizarro ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act.  The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings in this case.

## PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed her initial complaint in this matter on January 7, 2008 (Doc. 1) and, subsequently, a first amended complaint.  (Doc. 7.)  The Court's Scheduling Order was issued on January 15, 2008 (Doc. 4) and served on Plaintiff the same day.  (See Docket sheet.)  On July 3, 2008, the Commissioner filed its notice of lodging of the administrative record, which initiated the briefing process described for all parties in the Scheduling Order.  By the terms of that order, Plaintiff's opening brief was to be filed and served no later than October 4, 2008.  (Doc. 4.)

On December 31, 2008, this Court issued an Order to Show Cause directing Plaintiff , no later

than January 27, 2009, to explain why sanctions (including dismissal) should not be imposed for Plaintiff's failure to file an opening brief and to otherwise comply with this Court's orders. (Doc. 22.) Plaintiff was advised that the Order to Show Cause would be vacated if she filed and served her opening brief on or before January 23, 2009. (Id.) On January 5, 2009, Plaintiff filed a written response to the Court's Order to Show Cause. (Doc. 23.) In it, Plaintiff explained that she had not previously known it was her responsibility to write an opening brief. (Id.) Plaintiff also advised the Court that she had continued to experience health problems, but Plaintiff did not attribute her failure to file an opening brief to those problems. (Id.) Plaintiff did not file an opening brief on or before January 23, 2009 (see Docket sheet) nor did she request more time to do so in her written response (see Doc. 23).

To date, Plaintiff has not filed an opening brief in matter nor has she requested an extension of time within which to do so. (See Docket sheet.)

## **DISCUSSION**

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions ...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including, where appropriate...dismissal of a case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-1424; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-1261; Ghalazi, 46 F.3d at 53.

With respect to the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket –, the Court finds these factors suggest that dismissal is appropriate and warranted. This case has been pending since early January 2008. It appears to have been in a virtual stall since July of last year, when the Commissioner lodged the administrative record in the proceeding. That absence of prosecution is entirely the result of Plaintiff's lack of action, i.e., failure to file her opening brief. Despite the Court's efforts to inform and remind Plaintiff of her responsibilities in the adjudication process (see Scheduling Order and Order to Show Cause – Docs. 4, 22), Plaintiff still has not taken the action necessary to prosecute her claim for relief.    The third factor, risk of prejudice to defendant, also weighs in favor dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Although Plaintiff is proceeding *pro se* and lacks legal expertise, the Court's Scheduling Order informed Plaintiff of the process of decision, what her responsibilities were as part of that process, and the time by which she was to perform those various responsibilities, including when and how changes to the briefing schedule could be made. The Scheduling Order also laid out for Plaintiff the information her opening brief was to contain. The Court attempted to prompt Plaintiff into action with its Order to Show Cause. In that order, the Court made it clear what the deficits in Plaintiff's performance were. Plaintiff's response to the Order to Show Cause suggests that, at least as of January 5, 2008, Plaintiff understood it was her responsibility to file an opening brief. That was nearly six (6) months ago. During the past six (6) month, Plaintiff has filed no opening brief, has not requested an extension of time within which to do so, or otherwise attempted to explain to the Court why she has failed to file her opening brief. Under these facts, the Court finds Plaintiff's delay in prosecution of this action unreasonable.

Alternatives less drastic than dismissal do not appear to be realistic under the facts of this case. Because Plaintiff is proceeding *in forma pauperis*, monetary sanctions are not a viable option. Given the history of this case, the Court has little confidence that another warning or admonition to Plaintiff

would result in the filing of a comprehensible and otherwise adequate opening brief within a relatively short period of time.  The Court has already warned Plaintiff that the failure to file an opening brief and to comply with orders of this Court could result in the dismissal of this action (Docs. 4, 22)[1] and the Court has, for all intents and purposes, allowed Plaintiff considerable time to correct her omission.  That earlier caution, and the Court's generous indulgence of time, have not produced the desired response – an opening brief.  Moreover, Plaintiff has not sought to ask the Court for more time to file her opening brief or to advise the Court in any fashion as to why she has delayed so substantially in meeting her obligations to prosecute this matter diligently.  The Court finds that, under the circumstances of the present case, there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored that consideration into its decision.  The Court is concerned that securing a disposition of this case on its merits will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket, and the Commissioner's interest in a legal process free from unreasonable delay.  Consequently, the Court finds that this factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the other factors favoring dismissal of this action.

Accordingly, it is ORDERED that:

1. The Order to Show Cause filed on December 31, 2008 IS DISCHARGED;

2. The action IS DISMISSED without prejudice for failure to prosecute and failure to follow an order of the Court; and

3. The Clerk IS DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **July 2, 2009**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[1] A court's warning to a party that his/her failure to obey the court's order has been held to satisfy the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424.